In the Matter of the Claim of FRANK SABATKA, Appellant, against DAVID GUTTENBERG et al., Respondents. STATE INDUSTRIAL BOARD, Respondent.— The only issue in this case is a wage rate. The Industrial Board made an award to claimant and fixed the rate under subdivision 3 of section 14 of the Workmen's Compensation Law. The Board held that the rate could not be fixed under subdivisions 1 or 2. The evidence sustains the determination. The award and decision should be affirmed, but without costs. Decision and award affirmed, without costs. All concur.

In the Matter of the Claim of GEORGE MUNN, Respondent, against RESOM REALTY Co., INC., Appellant, and STATE INSURANCE FUND, Respondent. STATE INDUSTRIAL BOARD, Respondent.— Employer, Resom Realty Co., Inc., appeals from a decision and award made by the State Industrial Board granting claimant compensation for injuries found to have been received during the course of his employment. The employer was engaged in the real estate business operating and maintaining premises located at 4311–13–15 Katonah Avenue, New York. Claimant was injured while performing services on one of the buildings belonging to the employer. The sole question here is one of coverage. The employer was insured in the State Insurance Fund. The State Industrial Board found that the policy covered premises 4311 Katonah Avenue but did not cover premises 4315 Katonah Avenue, which was the building on which claimant was employed at the time he sustained the injuries for which an award was made. The Board found that the claim against the State Insurance Fund does not come within such provisions of the policy and the award was made against the employer as a noninsured employer and although the State Insurance Fund had paid the award for approximately five years from the date of the accident, which occurred September 11, 1935, the State Industrial Board discharged the State Insurance Fund from any liability under date of October 13, 1943. The decision of the State Industrial Board is not in accord with the proof. The policy provided coverage for buildings operated by the owner or lessee, " including care, custody and maintenance of premises." This claimant was unquestionably engaged in maintenance and upkeep of his employer's buildings and was necessarily covered by the State Insurance Fund policy. The decision should be reversed and the matter remitted, with costs against the State Industrial Board. Decision of State Industrial Board reversed and matter remitted, with costs against said Board. All concur.

In the Matter of the Claim of HARRIET L. SNYDER, Appellant, against DUNLOP TIRE AND RUBBER CORPORATION et al., Respondents. STATE INDUSTRIAL BOARD, Respondent.— Appeal by widow of deceased employee. The decision disallowed the claim for lack of proof as to causal relation. The technical objection in regard to lack of notice of the appeal to the Industrial Board does not require a reversal. Decision affirmed, without costs. All concur.